UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RHONDA LEDFORD, an individual; RAYMON GREGSTON, an individual; JO MCKINNEY, an individual; SHANE PENROD, an individual; KIM MCCORMICK, an individual; BOB ROBINSON, an individual; and GRACIE REYNA, an individual; LISA LITTLEFIELD, an individual; ADDISON FORDHAM, an individual; TOM DE KNIF, an individual, FRANK FARNWORTH, an individual,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>IDAHO DEPARTMENT OF JUVENILE CORRECTIONS, an executive department of the State of Idaho; IDJC DIRECTOR SHARON HARRIGFELD, in her individual and official capacities; IDJC JUVENILE CORRECTIONS CENTER-NAMPA SUPERINTENDENT BETTY GRIMM, in her individual and official capacities; and DOES 1-20,<br><br>　　　　　　　Defendants. | Case No. 1:12-cv-00326-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Plaintiff's Motion to Modify Interim Protective Order (Dkt. 19). For the reasons explained below, the Court will grant, in part, and deny, in part, the motion.

**MEMORANDUM DECISION AND ORDER - 1**

# BACKGROUND

This is a whistleblower action brought by seven employees of the Idaho Department of Juvenile Corrections. They allege that the department retaliated against them for reporting wrongful conduct. Among other things, plaintiffs allege that the department: (1) has corrupt hiring practices; (2) discriminates against employees who are older or who are veterans; (3) permits favored employee to pad their time cards and play golf while on the clock; and (4) has dangerous security policies and practices.

The parties dispute whether plaintiffs should be allowed to share information received during discovery with the public and the press. At this point, defendants have produced documents after plaintiffs agreed, as an interim measure, to keep the documents confidential until the Court could rule on the issue. The Court entered an interim protective order consistent with this agreement. *See Apr. 19, 2013 Order*, Dkt. 18. Plaintiffs now seek to modify the stipulated protective order so that they can share discovery with the public. Defendants assert that five broadly defined categories of documents produced during discovery should remain confidential.

# LEGAL STANDARD

Generally, the public is permitted "access to litigation documents and information produced during discovery." *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002)  Under Rule 26, however, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).  The party opposing

disclosure has the burden of proving "good cause."  *See In re Roman Catholic Archbishop of Portland,* 661 F.3d 417, 424 (9th Cir. 2011) (citation omitted).

If the parties stipulate to a protective order – as they did here – the district court may enter a protective order without first finding good cause.  *Id.*  If a party to this stipulated protective order later wishes to release protected documents, the party opposing disclosure (in this case, the Department of Juvenile Corrections) must establish good cause to continue the protective order.  *Id.*

To determine whether good cause exists, the Court performs a two-step analysis.  First, the Court determines "whether "particularized harm will result from disclosure of information to the public."  *Phillips*, 307 F.3d at 1211.  "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test."  *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).  Instead, the party seeking to prevent disclosure must "allege specific prejudice or harm."  *Id.*  Second, if the Court finds such particularized harm, it must balance public and private interests to decide whether protection is necessary.  *Roman Catholic Archbishop,* 661 F.3d at 424.  The Ninth Circuit has directed district courts to consider the following factors when balancing public and private interests:

(1)   whether disclosure will violate any privacy interests;

(2)   whether the information is being sought for a legitimate purpose or for an improper purpose;

(3)   whether disclosure of the information will cause a party embarrassment;

 (4) whether confidentiality is being sought over information important to public health and safety;

 (5) whether the sharing of information among litigants will promote fairness and efficiency;

 (6) whether a party benefitting from the order of confidentiality is a public entity or official; and

 (7) whether the case involves issues important to the public.

*Id.* n.5.

## ANALYSIS

Defendants ask the ask the Court to enter an order preventing plaintiffs from disclosing the following categories of documents:

 (1) "Files relating to or discussing juvenile offenders";

 (2) "Any records that contain any identifying information, or any information that would lead to the identification of any victims or witnesses";

 (3) "Records relating to safety and security regulations and procedures for IDJC facilities";

 (4) Records of the Idaho Department of Juvenile Corrections Custody Review Board; and

 (5) Personnel records of former and current Idaho Department of Juvenile Corrections not named as plaintiffs in this matter.

The Court will address each category in turn. First, though, the Court will resolve defendants' global argument that all these documents must be deemed confidential to the extent they are exempt from disclosure under Idaho's Public Records Act. *See* Idaho Code §§ 9-340B, 9-340C.

MEMORANDUM DECISION AND ORDER - 4

A.   **The Public Records Act**

Idaho's Public Records Act provides that "every person has a right to examine and take a copy of any public record of this state . . . ." Idaho Code § 9-338(1).  The Act exempts certain records from disclosure, however, including public employees' personnel information, *see id* § 9-340C, records of juveniles incarcerated by the state, and other sensitive information contained in records of the Idaho Department of Juvenile Corrections. *See Id.* § 9-340B(2)-(4).

Defendants say that "the clear majority" of the documents produced in this litigation is exempt from disclosure under the Public Records Act.  Defendants then argue that such records obviously cannot be shared with the public within the context of this litigation.

The problem with this argument is Idaho Code § 9-343(3).  It provides that the Public Records Act does not limit "the availability of records for . . . judicial adjudicatory proceedings  . . . ."  Instead, the applicable discovery "laws and rules" govern.  *Id.*; *Accord Op. Idaho Att'y Gen*. 95-5 (1995) ("Public records that are exempt from public disclosure are nevertheless subject to disclosure in a judicial or administrative proceeding if they are subject to disclosure under the laws or rules of evidence and of discovery governing those proceedings.").  As applied here, then, defendants must still establish good cause to justify a protective order.

B.   **Good Cause**

1. **"Files Relating to or Discussing Juvenile Offenders"**

Defendants' first category of documents – every file "relating to or discussing juvenile offenders" – is a textbook example of overbreadth. Because the category is so broadly defined, defendants have failed to make the threshold showing that a specific harm or prejudice will result if these documents are disclosed to the public. As explained above, defendants need to identify specific documents or, at a minimum, tightly defined categories of documents. *See, e.g., Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1139 (9th Cir. 2003) ("A party asserting good cause bears the burden, *for each particular document it seeks to protect*, of showing that specific prejudice or harm will result if no protective order is granted.") (emphasis added).

The plaintiffs agree that identities of juvenile offenders should remain confidential. But the Court cannot leap from that stipulation to a finding that defendants have established a specific prejudice or harm if any document that somehow "relates to" or "discusses" a juvenile offender is disclosed – even if the juvenile's name is redacted. Nonetheless, the Court is not inclined to lift the protective order at this point because it seems likely that many documents relating to or discussing juvenile offenders should be protected. The Court will therefore give defendants a short period of time in which they may (a) meet and confer with plaintiffs and then, if necessary (b) file a more targeted motion to continue the protective order. Defendants are cautioned that they if they rely on the same sorts of broadly defined categories they did here, the Court will deny the

motion.  Because the parties are dealing with a known universe of documents they need provide more specifics – including examples – that will put the Court in a better position to decide whether documents should remain confidential.

Additionally, to guide the parties' further meet-and-confer efforts, the Court generally observes that if a juvenile offender's record is sealed from disclosure to the public, it seems likely that that the sealing should remain effective within this litigation. A juvenile's record is full or identifying and confidential information that is typically withheld from the public for the safety and privacy of the juvenile. Also, a juvenile's record is sealed to insure the juvenile can be rehabilitated without threat of having embarrassing or deeply personal information disclosed. It would hinder disclosure, rehabilitation and counseling services at the department if a juvenile's record was open to public view.  That said, plaintiffs may be able to point to particular documents (or groups of documents) within a sealed record that should be released, with redactions.  It will be up to the parties to focus on specifics.

### 2. "Any IDJC Records that Contain Information that Would Lead to the Identification of any Victims or Witnesses"

Defendants' next category of documents – any "IDJC records that contain confidential information that would lead to the identification of any victims or witnesses" – is also overbroad and vague.

The Court is aware that Idaho's Public Records Act uses similar language in exempting the department's records from public disclosure.  *See* Idaho Code § 9-340B (4)(a)(ii).  But that broad definition does not work in the context of this lawsuit.  Among

other things, the phrase "victims and witnesses" could include victims and witnesses of the alleged mismanagement and inappropriate behavior at the IDJC facilities. That reading is overbroad.

But even assuming defendants were referring to victims and witnesses in the juvenile cases, the phrase "contain[ing] information that would lead to identification" of these individuals is overbroad. Plaintiffs might well be guessing at which documents were subject to any protective order.

Given how broadly this category is defined, the defendants have failed to show good cause to protect any particular document from disclosure. Once again, though the Court will allow defendants to file a more targeted motion after informally attempting to resolve these issues with plaintiffs. Defendants are again cautioned to identify documents, or categories of documents, more specifically.

### 3. Records Relating to Safety and Security Regulations and Procedures

Defendants also seek to protect records relating to safety and security regulations and procedures. Defendants assert that it would be detrimental to the safety of employees and juveniles at the department if security protocols and safety procedures become public knowledge.

Once again, the problem is defendants' failure to identify specific documents or categories of documents. If they had done that, the parties might well agree on specific categories of documents that should remain confidential. Plaintiffs concede, as an example, that they would not object to keeping transport schedules confidential.

The Court will therefore order that transport schedules not be released to the press or public.  Beyond that, defendants have not shown good cause to effectively seal every document that "relat[es] to the safety and security regulations and procedures for IDJC facilities."  As before, the Court will allow defendants an opportunity bring a targeted motion after meeting and conferring with the plaintiffs.

**4.   Records of the IDJC Custody Review Board**

Defendants next seek to protect "records of the Idaho Department of Juvenile Corrections Custody Review Board."  Here, the Court finds the Public Records Act helpful to a certain extent.  It provides that "[r]ecords of the custody review board of the Idaho department of juvenile corrections, including records containing the names, addresses and written statements of victims and family members of juveniles, shall be exempt from public disclosure pursuant to section 20-533A, Idaho Code." I.C. § 9-340B (3).  Idaho Code §  20-533A, in turn, provides that custody review board meetings "shall be held in accordance with the open meeting law" but that deliberations and decisions regarding whether hold a juvenile offender in custody past his or her nineteenth birthday may be made in executive session and, further, that the votes of individual members in custody decisions will not be disclosed, but the results of any action are subject to disclosure. Idaho Code § 20-533A(1).

Despite these provisions, the Court does not have a precise or complete understanding of what specific documents are included in "records of the custody review board."  It is clear, however, that three categories of documents are included: (1) victim

statements; (2) family member statements; and (3) members' individual votes on custody decisions.

The Court finds good cause to protect these three categories of documents from public disclosure. Keeping these documents confidential protects juveniles, victims, and family members from having personal and sensitive information disclosed. It also allows board members to vote on custody decisions without having their individual votes made public.

Beyond these categories of documents, it will be up to the parties to educate the Court as to what documents, or categories of documents, make up the "records" of the Custody Review Board. The parties are directed to engage in further meet and confer efforts as to which, if any, of these additional records should be protected. If they disagree, defendants may bring a targeted motion for a protective order. Also, to the extent plaintiffs are alleging that the department falsified information that was presented to the Custody Review Board, it would be helpful to provide documentary examples. The Court will then be in a position to determine whether such documents should remain confidential.

### 5. Personnel Records of Department Employees

Defendants' next category deals with personnel records of current and past department employees who are not named plaintiffs. Here, Idaho's Public Records Act is instructive. It provides that the public should be able to know the basics about public employees' service, such as their "employment history, classification, pay grade and step,

longevity, gross salary and salary history, status, workplace and employing agency." Idaho Code § 9-340C(1). "All other personnel information . . . including, but not limited to, information regarding sex, race, marital status, birth date, home address and telephone number, applications, testing and scoring materials, grievances, correspondence and performance evaluations" is to remain private. *Id.*

A public employee who is not a party of suit should not have his or her personnel records disclosed to the public. To do so could lead to embarrassment and scrutiny without just cause. However, the defendants have defined the category too broadly. It would require most of the evidence in support of Plaintiffs' allegations of mismanagement and unfair treatment to be sealed. Plaintiffs stipulate that certain personal employment information should be protected, but seek to disclose any evidence of retaliation, cronyism, unfair and discriminatory treatment, and waste that is relevant to the public. In light of the nature of the information Plaintiffs seek to disclose, the Court finds that an appropriate balance between the public interest and employees interests in privacy can be reached by redacting all employee identifying information from the personnel records of non-party employees, including the employees name. This will allow the public to see the evidence, while protecting non-party employees from undue or misguided scrutiny. Accordingly, personnel records can be disclosed if all identifying information, including name, sex, race, marital status, birth date, home address and telephone number is redacted.

MEMORANDUM DECISION AND ORDER - 11

**ORDER**

**IT IS ORDERED THAT:**

1.      Plaintiffs' Motion to Modify Interim Protective Order (Dkt. 19) is **GRANTED in part and DENIED in part.**  The motion is **GRANTED** to the extent plaintiffs seek to disclose personnel records, provided, however, that plaintiffs must redact those records as outlined above.

2.      The motion is **DENIED** to the extent plaintiffs seek a blanket order lifting the Interim Protective Order.  Although defendants have, for the most part, failed to show good cause to continue the protective order, given the sensitive nature of the documents in this case, the Court will allow defendants an opportunity to bring a more targeted motion to continue the protective order as to specific documents or categories of documents.

3.      Within 14 day of this Order, defendants are directed to meet and confer with plaintiffs to further discuss whether any documents, or categories of documents, should remain confidential.  If the parties are unable to agree to a stipulated protective order, they shall arrange an informal discovery conference with David Metcalf, the law clerk assigned to this case.  If these efforts prove unsuccessful, defendants may bring a motion to continue the protective order.  Any such motion must be filed within 28 days of this Order.



DATED: October 28, 2013

B. Lynn Winmill
Chief Judge
United States District Court

MEMORANDUM DECISION AND ORDER - 13