Phillip J. Collaer – ISB No. #3447
ANDERSON, JULIAN & HULL LLP
C. W. Moore Plaza
250 South Fifth Street, Suite 700
Post Office Box 7426
Boise, Idaho 83707-7426
Telephone:     (208) 344-5800
Facsimile:     (208) 344-5510
E-Mail: pcollaer@ajhlaw.com

Attorneys for Defendants, Sharon Harrigfeld,
        Betty Grimm, and the Idaho Department
        of Juvenile Corrections

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RHONDA LEDFORD, an individual; RAYMON GREGSTON, an individual; JO MCKINNEY, an individual; SHANE PENROD, an individual; KIM MCCORMICK, an individual; BOB ROBINSON, an individual; and GRACIE REYNA, an individual<br><br>Plaintiffs,<br><br>vs.<br><br>IDAHO DEPARTMENT OF JUVENILE CORRECTIONS, an executive department of the State of Idaho; IDJC DIRECTOR SHARON HARRIGFELD, in her individual and official capacities; IDJC JUVENILE CORRECTIONS CENTER – NAMPA SUPERINTENDENT BETTY GRIMM, in her individual and official capacities; and DOES 1-20,<br><br>Defendant. | Case No. 1:12-cv-00326-BLW<br><br>DEFENDANT'S OBJECTIONS TO PLAINTIFFS' EXHIBITS IN SUPPORT OF OPPOSITION TO' MOTION FOR SUMMARY JUDGMENT |

**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' EXHIBITS IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT - 1**

COME NOW, Idaho Department of Juvenile Corrections ("IDJC"), Sharon Harrigfeld and Betty Grimm, by and through their attorney of record, Anderson Julian & Hull LLP, and hereby submit these objections to Plaintiffs' "Compendium of Exhibits in Support of Opposition to Defendants' Motion for Summary Judgment [Docket No 53-2], filed with this Court on February 6, 2014.

I.   **Background**

On February 6, 2014, the Plaintiffs filed a document entitled Plaintiffs Separate Statement of Genuine Issues in Dispute.  [Dkt. 53-1.]  This document included numerous citations to affidavits, depositions and other records on file that are not admissible in evidence in accordance with F.R.C.P. 56(c)(2).

On February 7, 2014, Plaintiffs filed a "Declaration of Andrew T. Schoppe with Plaintiffs' Compendium of Exhibits in Support of Opposition to Defendants' Motion for Summary Judgment." [Docket No. 53-2.]  Neither the declaration, which references documents not properly authenticated, nor many of the cited exhibits are admissible in evidence under Rule 56(c)(2).  Defendants therefore object to those portions of the record submitted by Plaintiffs which do not satisfy the Federal Rules of Evidence or Federal Rules of Civil Procedure.

II.   **Law & Analysis**

A.   <u>Plaintiffs' Affidavits are Inadmissible.</u>

Portions of Plaintiffs' affidavits are inadmissible because they contain hearsay, speculation and fail to lay a proper evidentiary foundation. Federal Rule of Civil Procedure 56(c)(4) addresses the form of affidavits offered to support or oppose motions for summary judgment.  The rule provides:

> An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' EXHIBITS IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT - 2**

The admissibility of evidence contained in an affidavit is a threshold question to be answered by the court before it determines whether the evidence presented by the party opposing summary judgment is sufficient to create a genuine issue for trial. **See e.g., Chao v. Westside Drywall,** 709 F. Supp. 2d 1037 (D. Or. 2010). When applying Rule 56(c), federal courts have consistently held that affidavits which contain inadmissible evidence cannot be considered when ruling on a motion for summary judgment. **See, e.g. Block v. City of Los Angeles,** 253 F.3d 410, 419 (9th Cir. 2001). The rule requires evidence offered by affidavits be limited to evidence which complies with the rules of evidence and be admissible as if the declarant were present in court. *Id.* For that reason, affidavits attaching exhibits which fail to establish the declarant's personal knowledge of the events described in the attachment are not admissible and are properly stricken from the record in summary judgment proceedings. **See** FRE 602, **Hal Roach Studios, Inc. v. Feiner and Co., Inc.,** 896 F.2d 1542, 1550-1551 (9th Cir. 1989). Affidavits containing speculative testimony are not admissible. **Thornhill Publishing Co. v. General Telephone and Electronics Corp.,** 594 F.2d 730, 738 (9th Cir. 1979). Additionally, statements by an affiant that are generalized conclusory and lack specificity do not satisfy either the requirement of admissibility or competency under Rule 56(e). **Shone v. Greyhound Lines, Inc.,** 868 F.2d 1057, 1061 (9th Cir. 1989). **See also Delange v. Dutra Construction Co., Inc.,** 183 F.3d 916, 921 (9th Cir. 1999).

Finally, affidavits which contradict earlier testimony for the purpose of "creating" a genuine issue of material fact on summary judgment are inadmissible. **See Kennedy v. Allied Mutual Insurance Co.,** 952 F.2d 262, 267 (9th Cir. 1991.) Such inadmissible "sham" affidavits are distinguishable from those affidavits which contain contradictory testimony which was the result of an "honest discrepancy, a mistake, or the result of newly discovered evidenced." *Id.*

**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' EXHIBITS IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT - 3**

The following materials, which were attached to the Declaration of Andrew T. Schoppe [Docket No. 53-2], contain evidence which could not be presented in an admissible form at trial.

1. Ex. S, Affidavit of Rhonda Ledford – Defendants object to all alleged statements by Dick Mallae, Tylene Channer, Pat Thomson, Karen Anderson, Julie Cloud, Dr. Tenley, Tom Knoff, Representative Bolz and Shane Penrod. included in Ledford's affidavit as inadmissible hearsay. Defendants object to Ledford's conclusory averment and unfounded declaration that she "was distraught due to harassment and retaliation for reporting issues and concerns over the past couple of years." Ledford has provided no instance of specific retaliatory conduct and it is not proper for Ledford to provide a legal conclusion regarding "retaliation." Defendants further object to all references to "Voice Recordings," which are not in the record, as well as references to documents which were cited but not attached to Ledford's affidavit, or properly authenticated.

2. Ex. T., Affidavit of Gracie Reyna – Defendants object to Reyna's contradictory statement that she did not understood Mr. Collaer's questions at the time she was asked  Reyna previously stated at her deposition that she was competent to testify and did not indicate that she was confused by any question. Defendants further object to the hearsay statements of Laura Roters and Julie Cloud. Defendants object to Reyna's statements regarding Laura Roters' state of mind when making their management decisions because the statements are speculative and not based on personal knowledge. Specifically, Defendants object to Reyna's speculation as to why Roters changed employee schedules. Defendants object to Reyna's statements regarding the juveniles' states of mind for the same reason and objects to the hearsay statements that juveniles said they feared for their safety. Defendants object to Reyna's allegation of a "PREA" incident and the appropriateness of IDJC administration's response thereto as Reyna has not established a foundational basis of knowledge on PREA. Reyna's opinion regarding PREA violations is further inadmissible as she was not disclosed as an expert witness in accordance with FRCP 26(a)(1)(A) and this Court's scheduling order. *See* Affidavit of Phillip J. Collaer. Finally, Defendants object to Reyna's vague and conclusory averment that she "shared concerns of safety, favoritism, hiring practices, harassment, and retaliation." Reyna provided no specific report regarding a specific concern, and her statement is too broad and ambiguous to be considered on a motion for summary judgment.

3. Ex. Q., Affidavit of Dianna Carnell – Defendants object to all portions of Carnell's affidavit except ¶ 1 on the grounds that all statements contained therein are ambiguous, conclusory, lack foundation for the legal conclusions asserted and are not based upon personal knowledge. Carnell's allegations of "retaliation," "unfair and corrupt" hiring practices and "safety and security problems" are conclusory, unfounded and are not supported by specific instances of conduct. Carnell has established no foundation to support her allegations regarding Sharon Harrigfeld's directorship of the IDJC, Harrigfeld's background or experience, the reasoning behind her management decisions, the status of persons allowed to

visit juveniles, i.e., U.S. citizenship, PREA requirements, the types of treatment appropriate for certain juveniles, the appropriateness of reducing physical restraints or the states of mind of juveniles and Plaintiffs. Carnell's opinions regarding PREA violations and appropriate physical restraints of juveniles are further inadmissible as she was not disclosed as an expert witness in accordance with FRCP 26(a)(1)(A) and this Court's scheduling order. *See* Affidavit of Phillip J. Collaer. Defendants further object to Carnell's mischaracterization of the evidence to the extent she refers to juveniles as criminals.

4. Ex. R. - Affidavit of Todd W. Inman – Defendants object to ¶ 2 of Inman's affidavit on the grounds the he has no personal knowledge of why staff criticized administration and his allegations of retaliation, favoritism, cronyism and basic unfairness are conclusory allegations unsupported by any specific acts or occurrences. Defendants object to ¶ 3 on the grounds that Inman has no personal knowledge of the state of mind of staff and juveniles and lacks foundation for his assertions regarding "documented increase in assaults." Defendants object to ¶ 7 on the ground that there is no foundation for Inman's knowledge and expertise of PREA requirements and no personal knowledge of Roters' state of mind in making her supervisory decisions and because it is based on inadmissible hearsay statements by Roters and juveniles. Inman's opinion regarding PREA violations is further inadmissible as he was not disclosed as an expert witness in accordance with FRCP 26(a)(1)(A) and this Court's scheduling order. *See* Affidavit of Phillip J. Collaer . Defendants object to ¶ ¶ 8-9 on the ground that there is no foundation for Inman's alleged knowledge regarding Dr. Pines, foster parent license or any prior investigations for "inappropriate sexual relationships" with minors. Defendants object to ¶ 10 on the grounds that there is no foundation for Inman's claim of expertise in the area of "deception detection" and he has no personal knowledge of what a juvenile "chose to conceal." Inman's opinion regarding "deception detection" is further inadmissible as he was not disclosed as an expert witness in accordance with FRCP 26(a)(1)(A) and this Court's scheduling order. Defendants object to ¶ 11 on the grounds that there is no foundation for Inman's diagnosis of Aspergers [sic] Syndrome for a juvenile or the manner in which the Nampa facility should provide overhaul "care, discipline, and rehabilitation." Inman's opinion regarding psychiatric diagnoses is further inadmissible as he was not disclosed as an expert witness in accordance with FRCP 26(a)(1)(A) and this Court's scheduling order. Defendants object to ¶ ¶ 13-15 on the grounds that it contains inadmissible hearsay of Arthur Wilson. Defendants object to ¶ 16 on the ground that there is no foundation for Inman's estimation of "how many former juveniles are presently housed at IMSI" and because his correlation between juvenile care and subsequent incarceration is purely speculative and because Inman was not disclosed as an expert witness qualified to testify to such matters in accordance with FRCP 26(a)(1)(A) and this Court's scheduling order.

5. Ex. U., Affidavit of Lee Velten – Defendants object to ¶ 3 of Velten's affidavit on the grounds that there is no foundation for his allegations regarding "proper staffing" for the safety and security of the staff and juveniles. His opinions are vague and impermissibly conclusory. Veltne's opinion regarding proper staffing is further inadmissible as he was not disclosed as an expert witness in accordance with FRCP 26(a)(1)(A) and this Court's scheduling order.

**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' EXHIBITS IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT - 5**

*See* Affidavit of Phillip J. Collaer. Defendants object to the "explanations" Velten alleges he received from management because they constitute inadmissible hearsay.

6. Ex. CC., Affidavit of Michael Curtis – Defendants object to the Curtis affidavit on the grounds that it contains inadmissible hearsay and is irrelevant to the retaliation claims asserted by Plaintiffs, which claims are asserted over a decade after the events alleged in Curtis's affidavit.

7. Ex. DD., Affidavit of Arthur Wilson – Defendants object to the Wilson affidavit on the grounds that the alleged misconduct of a former nursing intern in 2009 is irrelevant to the retaliation claims asserted by Plaintiffs and is included for the purpose of harassing and embarrassing Defendants. Defendants further object on the grounds that other allegations of misconduct are based on rumor and conjecture and not on the personal knowledge of the affiant.

8. Ex. II, Affidavit of Jess Hinkle – Defendants object to first paragraph of the Hinkle affidavit on the ground the statements of Roters and other IDJC administration constitute inadmissible hearsay. Defendants object to the second paragraph on the grounds that statements included in the alleged "deleted" emails constitute inadmissible hearsay. Defendants further object to reference of the deleted emails under the best evidence rule, set forth in Federal Rule of Evidence 1002, which requires the original writing to prove the content of the writing. Plaintiffs have been provided all emails during the relevant time periods. Defendants object to the third paragraph on the grounds that what "others" told Hinkle, is inadmissible hearsay. Defendants object to the fourth and fifth paragraphs on the ground that the problem-solving process is conducted by filing a written request, and the best evidence rules requires proof of Hinkle's written requests for problem solving. Defendants object to the sixth paragraph on the ground that what he was told by Marylou Jeffries is inadmissible hearsay.

B. <u>Plaintiffs' Exhibits Contain Inadmissible Evidence.</u>

Plaintiffs attached several exhibits to the Declaration of Andrew Schoppe [Docket No. 53-2], which contain inadmissible hearsay, are not based on person knowledge and for which no foundation has been laid. The following is list of exhibits that are not admissible and to which Defendants object.

1. Ex. G., Fordham Dep. pp. 127:1-129:35. Fordham has no personal knowledge of the administrative decisions regarding incident coding and can only speculate as to the reasoning behind coding policies. Fordham has established no personal knowledge of how coding is done at JCC Lewiston or JCC St. Anthony. (Pls.' Statement of Fact 3.)

**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' EXHIBITS IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT - 6**

2. Ex. J., McKinney Dep. pp. 162-64. Offered to support assertion that during the all staff meeting in November 2011, employees complained that JCC Nampa had become a dangerous facility for all. (Pls.' Statement of Fact 5.) McKinney did not attend the all-staff meeting and therefore lacks personal knowledge.

3. Ex. G., Fordham Dep. pp. 78:1-15. Fordham has no personal knowledge that written disciplinary actions impact eligibility for raises and promotions. (See Pls.' Statement of Fact 6.)

4. LEDPLP000959; LEDPLF001013; LEDPLF001015; LEDPLF001018-20; LEDPLF000609-11;LEDPLF000616-18;LEDPLF000620-29; LEDPLF000668-73. Cited in support of assertion that incidents, death threats and juvenile's broken arm were not recorded were not reported. (Pls.' Statement 9.) These documents do not support those allegations and are not properly authenticated.

5. LEDPLF00307. Cited in support assertion that Ledford was told she would lose problem-solving. (Pls.' Statement 10.) This document is Ledford's Problem Solving Request with Ledford's handwritten note containing a hearsay statement by "Human Resources". Due to its alteration, the exhibit is not a true copy of an IDJC record.

6. LEDPLF003; LEDPLF00408; LEDFORDSSDS544052; LEDFORD003993; LEDFORDSSD544052; LEDFORDSSD087694. Cited in support of assertion that IDJC management discussed removing Ledford as AUF instructor and forcing her to work nights. (Pls.' Statement 10.) These documents, to the extent they are included in the record, constitute inadmissible hearsay and are not properly authenticated.

7. LEDFORDSSD553616. Cited in support of assertion that those involved with the petition would have action taken against them. (Pls.' Statement 14.) Defendants object on the grounds the document is hearsay statement by Pat Thomson and is not properly authenticated.

8. LEDPLF000834-LEDPLF000837, LEDPLF000845; LEDFORD001933; LEDPLF000845; LEDPLF000958. Cited in support of Plaintiffs' assertion that Ledford reported that AUF policy was not followed. (Pls.' Statement 7.) Defendants object to this mischaracterization of the evidence. These documents do not indicate that Ledford made a report that AUF policy was not followed.

9. Cloud Dep. pp. 98-9, 112-13; 120-2; 126-9; 137-8. Cited in support of argument that Ledford reported all her concerns to her supervisors. Defendants object to this mischaracterization of the evidence. These deposition excerpts do not address Ledford or any alleged reports.

**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' EXHIBITS IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT - 7**

10. LEDPLF001242. Cited in support of Plaintiffs' assertion the Ledford reported improper vehicle use. (Pls.' Statement 7.) Defendants object to this mischaracterization of the evidence. This is a redacted email with no indication that Ledford actually reported a suspected violation of law. (Pls.' Statement 7.)

11. Ex. A., Ledford Deposition pp. 66:17-23; 68:13-25; 69:1-11; LEDPLF000186; LEDFORDSSD090585. Cited to support assertion that Ledford reported time card fraud. (Pl. 's Statement 7) Defendants object to this mischaracterization of the evidence. **None of the cited materials mention time card fraud.** LEDPLP000186 is a copy of an email from Ledford's supervisor to her entire staff, indicating that an employee called in sick. The email is also inadmissible hearsay. LEDFORDSSD090585. is an email from Betty Grimm to Julie about staff shortages caused, in part, by Rhonda calling in sick.

12. Ledford Dep. pp. 91:4-8; 95:18-22. Cited to support assertion Ledford was warned to be silent. (Pls.' Statement 8.) Defendants object to this mischaracterization of the evidence. **None of the cited deposition excerpts mention a warning.**

13. Ledford Dep. pp. 67:16-25; 68:1-11; 69:22-25;75:20-25;76:1-9; 78:3-13. Cited in support of assertion that Ledford told Grimm she was suffering "retaliation" and filed several problem-solving requests. (Pls.' Statement 8.) Defendants object to this mischaracterization of the evidence. The excerpts cited mention only that Grimm knew Ledford had a "conflict" with her supervisor. (Pls.' Statement 8.)

14. LEDPLF000205; LEDPLF000206; LEDPLF000169; LEDPLF000207-LEDPLF000220. [Docket No. 55-24.] Cited in support of assertion that Ledford told Grimm she was suffering "retaliation and filed several problem-solving requests. (Pls.' Statement 8.) Defendants object to this mischaracterization of the evidence. These documents, in fact, relate to one problem solving request submitted by Ledford challenging a written warning she received for taking three sick days to take care of her dog. Her problem solving was successful and her written warning was slightly modified.

15. Ledford Dep. p. 77:11-25. Cited in support of assertion that Senator Patty Ann Lodge told Leford she would be fired . (Pls.' Statement of Fact 8.) Defendants object to this mischaracterization of the evidence. There is no mention of Senator Lodge in this excerpt.

16. LEDPLF000141-LEDPLF000143; Ex. 187. [Docket No. 55-23.] Cited in support of assertion that Ledford was prohibited from voicing opinion (Pls.' Statement 9.) Defendants object to this mischaracterization of the evidence. This document is a written expectation that Ledford would not "discuss personnel issues, other staff, your opinion, or gossip" regarding concerns with management and that she would not make inflammatory remarks to co-workers. The expectation regarding her "opinion" was within the context of her complaints about her personnel issues, i.e. FMLA, sick leave, etc. and not with regard to protected communications.

17. Ledford Dep. p. 98:5-25. Cited in support of assertion that incidents were not reported. (Pls.' Statement 9.) Defendants object to this mischaracterization of the evidence. This excerpt does not mention death threats or interviews by the Nampa police, as stated by Plaintiffs. (Id.) Defendants further object on the ground that Ledford has failed to establish personal knowledge of every incident that is either reported or not reported, and does she have expertise in the type of information that is properly recorded in an incident report.

18. LEDFORDSSD573551. [Docket No. 55-20.] Defendants object to this mischaracterization of the evidence. This document is not an email in which Mr. Rohrbach admits misreporting time, as asserted by Plaintiffs (Pls.' Statement 10-11), but a snapshot of several employees' hourly wages.

19. Penrod Dep. pp. 166:18-171:12. Cited in support of Plaintiffs' assertion that Penrod raised hiring issues with his supervisor. Defendants object to this mischaracterization of the evidence. Penrod specifically stated in this deposition excerpt that he did not raise this issue with his supervisor, Julie McCormick. Defendants further object to this excerpt on the grounds that Penrod's testimony regarding potential retaliation is purely speculative. Defendants further object on the grounds it lacks a legal foundation for assertions of improper hiring and it contains hearsay statements from other IDJC staff.

20. Freckleton Dep. pp. 190:11-194:17; 208-9. Cited in support of Plaintiffs' allegations regarding Penrod's graveyard shift schedule. Defendants object to this mischaracterization of the evidence. Freckleton's deposition transcript ends at page 156, and the cited pages do not exist.

21. Penrod Dep. pp. 198:9-204. Defendants object to this deposition excerpt to the extent it contains inadmissible hearsay statements by Julie McCormick regarding the reason for Penrod's schedule change.

22. McKinney Dep.p. 120:2-122. Defendants object on the ground that the conversation that McKinney allegedly overhead between Mark Freckleton and Ledford is inadmissible hearsay.

23. Farnworth Dep. pp.181:1-18, 183:12-184:3. Defendants object on the ground that Farnworth has no personal knowledge of other employees' disciplinary actions and the reasons for such actions. Defendants further object on the grounds that Farnworth has no personal knowledge of the reason Penrod was moved to nightshifts and to the extent Plaintiffs mischaracterize his testimony; Farnworth never indicated that Penrod was "abruptly" put on nightshift after signing the petition.

24. Ex. H., De Knijf Dep. pp.160-162. Defendants object on the ground that De Knijf's testimony about what Ray Gregston told him constitutes inadmissible hearsay. Specifically, Defendants object to the statement that Gregston told De Knijf that his concerns were discussed with Betty Grimm.

25. Ex. H., De Knijf Dep. pp. 209-210. Defendants' object to De Knijf's testimony regarding alleged retaliation, including shift reassignments and job restrictions, on the ground that De Knijf, as a provider of janitorial services, has no personal knowledge and cannot establish a proper foundation to testify about the alleged employment actions by the IDJC and the reasons for such actions.

26. Ex. D. McCormick Dep. pp. 33-37, 131-135. Defendant objects to the inadmissible hearsay statements by McCormick's co-workers and supervisor.

27. LEDFORDSSD086499. Defendants object to this document and Plaintiffs' reliance thereon as it could not be located in the record.

28. Ex. AA. These documents are identified in the Schoppe declaration as "documents produced by the plaintiffs in discovery." The materials include emails and "apparent screen shots" from unidentified computers. These materials also contain unidentified handwriting commenting on the various documents. Mr. Schoppe lacks personal knowledge concerning the documents contained in Exhibit AA and, makes no attempt to describe where they were obtained or, the origin of the handwriting on the documents. The fact the documents contain unidentified handwriting establishes they are not, in the context they have been offered, business records of IDJC. Instead, the materials constitute inadmissible hearsay and, should be stricken from the record.

29. Ex. HH. Defendants object to these documents on the grounds that they have not been properly authenticated. By their description, the documents are not business records of the IDJC. Mr. Schoppe lacks personal knowledge concerning the referenced documents. As such, they are inadmissible hearsay.

DATED this 20 day of February, 2014.

ANDERSON JULIAN & HULL, LLP

By _____
Phillip J. Collaer, of the firm
*Attorneys for Defendants*

**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' EXHIBITS IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT - 10**

CERTIFICATE OF MAILING

I HEREBY CERTIFY that on this 20 day of February, 2014, I served a true and correct copy of the foregoing **DEFENDANTS' OBJECTIONS TO PLAINTIFFS' EXHIBITS IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** by delivering the same to each of the following attorneys of record, by the method indicated below, addressed as follows:

| | |
|---|---|
| Andrew T. Schoppe<br>LAW OFFICE OF ANDREW T. SCHOPPE<br>910 W. Main Street, Ste 358<br>Boise, ID 83702<br>Telephone: (208) 450-3797<br>Fax: (208) 392-1607 | [ ] U.S. Mail, postage prepaid<br>[ ] Hand-Delivered<br>[ ] Overnight Mail<br>[ ] Facsimile<br>[X] ECF |

_____
Phillip J. Collaer

**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' EXHIBITS IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT - 11**