Phillip J. Collaer – ISB No. #3447
ANDERSON, JULIAN & HULL LLP
C. W. Moore Plaza
250 South Fifth Street, Suite 700
Post Office Box 7426
Boise, Idaho 83707-7426
Telephone:  (208) 344-5800
Facsimile:  (208) 344-5510
E-Mail:  pcollaer@ajhlaw.com

Attorneys for Defendants, Sharon Harrigfeld,
    Betty Grimm, and the Idaho Department
    of Juvenile Corrections

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RHONDA LEDFORD, an individual; RAYMON GREGSTON, an individual; JO MCKINNEY, an individual; SHANE PENROD, an individual; KIM MCCORMICK, an individual; BOB ROBINSON, an individual; and GRACIE REYNA, an individual<br><br>　　　　　　　　Plaintiffs,<br><br>vs.<br><br>IDAHO DEPARTMENT OF JUVENILE CORRECTIONS, an executive department of the State of Idaho; IDJC DIRECTOR SHARON HARRIGFELD, in her individual and official capacities; IDJC JUVENILE CORRECTIONS CENTER – NAMPA SUPERINTENDENT BETTY GRIMM, in her individual and official capacities; and DOES 1-20,<br><br>　　　　　　　　Defendant. | Case No. 1:12-cv-00326-BLW<br><br>DEFENDANTS' RESPONSE TO PLAINTIFFS'MOTION TO STRIKE DEFENDANTS' EVIDENCE FILED IN SUPPORT OF SUMMARY JUDGMENT |

Defendants Idaho Department of Juvenile Corrections, Sharon Harrigfeld and Betty Grimm, by and through their counsel of record, Anderson Julian & Hull, submit this response to Plaintiffs' Motion to Strike Defendants' Evidence File in Support of Summary Judgment ("Motion to Strike"), filed with this Court on February 14, 2014 as Dkt. 57.

## I. Defendants Do Not Oppose Refiling Two Exhibits.

Defendants recognize that a juvenile name was inadvertently disclosed in the deposition transcripts of two witnesses. The name was mentioned a handful of times on seven pages (out of 200) in Betty Grimm's deposition and on three pages (out of 216) in Julie Cloud's deposition. The juvenile's name was used by plaintiffs' counsel during his examination of the witnesses. Contrary to the suggestion in plaintiffs' motion, the defense did not utilize a juvenile's name during the depositions. Additionally, the defense did not submit any juvenile records as exhibits to support its Motion for Summary Judgment. *See* Dkt. 40, Exb. 17. The exhibits offered by the defense were largely limited to documents from the plaintiffs' personnel files. *Id.* Defendants do not oppose refiling the deposition excerpts in a redacted form or under seal, should the Court feel that would be appropriate. However, for the following reasons, Defendants oppose Plaintiffs' Motion to Strike.

## II. Defendants Did Not violate the Court's Protective Orders or The Federal Rules of Civil Procedure.

A motion to strike is not the proper remedy when opposing a motion for summary judgment. As this Court has previously, noted, "[M]otions to strike are limited to

pleadings, which are defined by Federal Rule 7(a); affidavits and exhibits filed in support of, or in opposition to, a motion for summary judgment are not pleadings. **Shelton v. Reinke**, 3:11-cv-00064-BLW (D. Idaho 2013) (Memorandum Decision & Order denying, inter alia, Plaintiff's Motion to Strike). Thus, Plaintiffs' Motion to Strike must be viewed as an objection to affidavits and exhibits filed in support of Defendants' Motion for Summary Judgment. That being the case, striking all of Defendants' affidavits and exhibits filed in support of its motion for summary judgment is not warranted.

Moreover, Plaintiff s' objections are not based on the existing Protective Order (Dkt. 30) or the most recent Memorandum Decision & Order addressing the Protective Order. See Dkt. 26. The Court's memorandum decision modified the Protective Order addressing:

(1) "Files relating to or discussing juvenile offenders'"

(2) "Any records that contain any identifying information, or any information that would lead to the identification of any victims or witnesses";

(3) "Records relating to safety and security regulations and procedures for IDJC facilities";

(4) Records of the Idaho Department of Juvenile Corrections Custody Review Board; and

(5) Personnel records of former and current Idaho Department of Juvenile Corrections not named as plaintiffs in this matter.

Notably, the protective order addressed disclosure of records and files to the "press and public." See Dkt. 26, p. 4. The Court ultimately held that personnel records

could be disclosed as long as Plaintiffs redacted those records to protect personal identifying information of non-parties. *Id.*, pp. 10-11.

To the extent the Court's memorandum decision did not modify the Interim Protective Order [Dkt. 19], the interim order likewise addressed only records and files which were maintained within the IDJC and which was the subject of disclosure. *Id.* Neither the memorandum decision or the Interim Protective Order encompassed deposition transcripts. Plaintiffs' suggestion the defendants have violated this court's protective order is, for that reason, without merit.

Defendants recognize the name of a juvenile was utilized in the deposition transcripts. However the name was introduced by Plaintiffs' counsel with no prior discussion with either the witnesses, counsel, or the court reporter that his questioning would involve the disclosure of sensitive information which should be sealed or kept confidential. Counsel made no attempt to substitute initials for full names during the depositions.

In sum, if Plaintiffs were concerned with the disclosure of juvenile information, a simple telephone call to defense counsel would have resulted in conference with the court's staff to discuss the procedure whereby the transcripts could be redacted and refiled. The current Motion to Strike is a misguided attempt to distract the Court from the merits of Defendants' Motion for Summary Judgment.

The Motion to Strike should be denied. If the court deems it appropriate, Defendants do not object to refiling the deposition excerpts at issue after redacting the juvenile's names.

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' EVIDENCE FILED IN SUPPORT OF SUMMARY JUDGMENT - 4**

DATED this 3 day of March, 2014.

                          ANDERSON JULIAN & HULL, LLP

                          By _____
                               Phillip J. Collaer, of the firm
                               *Attorneys for Defendants*

CERTIFICATE OF MAILING

I HEREBY CERTIFY that on this 3 day of March, 2014, I served a true and correct copy of the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' EVIDENCE FILED IN SUPPORT OF SUMMARY JUDGMENT** by delivering the same to each of the following attorneys of record, by the method indicated below, addressed as follows:

| | |
|---|---|
| Andrew T. Schoppe<br>LAW OFFICE OF ANDREW T. SCHOPPE<br>910 W. Main Street, Ste 358<br>Boise, ID 83702<br>Telephone: (208) 450-3797<br>Fax: (208) 392-1607 | [ ] U.S. Mail, postage prepaid<br>[ ] Hand-Delivered<br>[ ] Overnight Mail<br>[ ] Facsimile<br>[X] ECF |

_____
Phillip J. Collaer

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' EVIDENCE FILED IN SUPPORT OF SUMMARY JUDGMENT - 6**