# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RHONDA LEDFORD, an individual; RAYMON GREGSTON, an individual; JO MCKINNEY, an individual; SHANE PENROD, an individual; KIM MCCORMICK, an individual; BOB ROBINSON, an individual; and GRACIE REYNA, an individual; LISA LITTLEFIELD, an individual; ADDISON FORDHAM, an individual; TOM DE KNIF, an individual, FRANK FARNWORTH, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> IDAHO DEPARTMENT OF JUVENILE CORRECTIONS, an executive department of the State of Idaho; IDJC DIRECTOR SHARON HARRIGFELD, in her individual and official capacities; IDJC JUVENILE CORRECTIONS CENTER-NAMPA SUPERINTENDENT BETTY GRIMM, in her individual and official capacities; and DOES 1-20, <br><br> Defendants. | Case No. 1:12-cv-00326-BLW <br><br><br> **MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court are the State's motion to stay and the plaintiffs' motion to modify the interim protective order. For the reasons explained below, the Court will grant in part both motions.

# BACKGROUND

This is a whistleblower action brought by seven employees of the Idaho Department of Juvenile Corrections ("the Employees"). They allege that the department retaliated against them for reporting wrongful conduct.

During discovery, the State produced tens of thousands of documents. The Employees want to share this information with the public and press, while the State seeks to keep it sealed. Up until this point, the State has produced the documents under an agreement with the Employees that they would keep the documents confidential until the Court could rule on the issue. The Court entered an interim protective order consistent with this agreement. *See Order (Dkt. No. 18).*

On May 3, 2013, the Employees asked the Court to modify the stipulated protective order so they could share discovery with the public. The State responded by seeking to keep confidential five broadly defined categories of documents.

The Court largely rejected the State's arguments, deciding to allow disclosure of most of the material, and keeping confidential only a limited amount of material concerning juvenile names and transport schedules. *See Memorandum Decision (Dkt. No. 26).* Concerned, however, with the State's vague arguments in its briefing, the Court allowed the State an opportunity to file – within 28 days – a targeted motion specifically identifying confidential materials. The State never filed that motion. The Court also directed the State to meet and confer with opposing counsel within 14 days to discuss more specific objections. The State did not follow that direction.

The State's inaction prompted the Employees to renew their motion to modify the Interim Protective Order, a motion now before the Court for resolution in this decision. Meanwhile, the State filed a motion for summary judgment that the Court granted in part, leaving only the Employees' First Amendment and state whistleblower claims for a jury trial. On those remaining claims, the Court rejected the State's claim of qualified immunity.

The State appealed that rejection, and filed a motion to stay the remainder of the case in this Court. In the briefing on that motion to stay, the parties essentially agreed that the Court retained jurisdiction to resolve disputes over (1) the interim protective order; (2) plaintiffs' motion to compel further responses to written discovery; and (3) plaintiffs' petition to reinstate plaintiff Rhonda Ledford. Their agreement is in accord with Ninth Circuit case law that allows the Court to retain jurisdiction over such issues even during the pendency of an appeal. *See Perry v. City and County of San Francisco,* 2011 WL 2419868 (9th Cir. 2011) (holding that although an appeal passes jurisdiction to the Circuit Court, "the district court has not been divested of its jurisdiction over ancillary matters, such as protective orders").

Thus, the Court will grant in part the motion to stay, staying this case except for the three issues listed above. One of those issues is the subject of the Employees' motion to modify the interim protective order, and the Court will proceed to resolve that motion.

# ANALYSIS

The Court has set forth in its prior decision the legal standard that continues to guide this Court. *See Memorandum Decision (Dkt. No. 26).* The State's failure to follow the Court's direction to file a motion within 28 days, and meet with opposing counsel within 14 days, is troubling. The State's inaction required the Employees to file a renewed motion to modify the interim protective order. Only then did the State respond. Typically, the conduct of State's counsel would warrant the Court ignoring the State's response. This issue, however, may affect innocent parties and third-parties, and hence requires that the Court consider all arguments of counsel, even those raised in an untimely manner.

All agree that any identifying information about the juveniles must be redacted. This includes the juvenile's name, birth date, physical description, address and information related to next of kin. Any juvenile shall be identified by his initials only.

This will resolve many of the issues raised by the State. While the State wants to seal many complete documents, the State has not come forward with any reason why confidentiality will not be fully protected by redacting the juveniles' identifying information listed above, except for a limited category of documents that the Employees have agreed should be kept sealed.

For example, the Employees agree not to disclose any sealed juvenile records or Custody Review Board records without first seeking leave of the Court. The Employees also agree that with regard to records relating to transport and safety and security

regulations and procedures, they will only disclose records that are not currently protected from disclosure to juveniles and/or to the public in the ordinary course of business at IDJC. Finally, the Employees agree not to disclose records which contain identifying information of witnesses or victims of an offense committed by a juvenile who is detained at an IDJC facility, without first obtaining leave of the Court.

Independent of this agreement, the Court finds compelling reasons to keep these limited categories of documents sealed. For example, if a confidential safety or transport policy was revealed, juveniles or others could take advantage of that disclosure and compromise the safety of the staff and the juveniles. The sealing of the identity of victims and witnesses is justified because those persons have nothing to do with the current litigation and would suffer damage to their reputation. The Custody Review Board records contain information that could be used to identify individual juveniles and their victims; such information is not helpful to the public's understanding of the case and would damage the reputations of those identified.

With these qualifications, the Court will vacate the interim protective order. The State had the burden of defending that order and justifying the broad categories of documents under seal. The State has not carried that burden, with the exception of the qualifications noted above. The Court will therefore grant the Employees' motion with the qualifications set forth above.

**ORDER**

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to stay (docket no. 76) is GRANTED IN PART AND DENIED IN PART. It is denied as to the Court's continuing authority to resolve disputes over (1) the interim protective order; (2) plaintiffs' motion to compel further responses to written discovery; and (3) plaintiffs' petition to reinstate plaintiff Rhonda Ledford. It is granted in all other respects.

IT IS FURTHER ORDERED, that the motion to modify the interim protective order (docket no. 29) is GRANTED IN PART AND DENIED IN PART. The Employees may publically disclose the discovery they have received from the State with the following qualifications:

1. For any material they disclose, Employees shall redact any identifying information on any juvenile, including the juvenile's name, birth date, physical description, address and information related to next of kin. The juvenile shall be identified by his initials only.

2. The Employees shall not disclose any sealed juvenile records or Custody Review Board records without first seeking leave of the Court.

3. The Employees shall only disclose material relating to transport and safety and security regulations and procedures if those records are not currently protected from disclosure to juveniles and/or to the public in the ordinary course of business at IDJC.

4. The Employees shall not disclose records which contain identifying information of witnesses or victims of an offense committed by a juvenile who is detained at an IDJC facility, without first obtaining leave of the Court.

DATED: August 4, 2014

B. Lynn Winmill
Chief Judge
United States District Court