RHONDA LEDFORD, an individual;
RAYMON GREGSTON, an individual; JO
MCKINNEY, an individual; SHANE
PENROD, an individual; KIM
MCCORMICK, an individual; BOB
ROBINSON, an individual; and GRACIE
REYNA, an individual; LISA
LITTLEFIELD, an individual; ADDISON
FORDHAM, an individual; TOM DE
KNIF, an individual, FRANK
FARNWORTH, an individual,

        Plaintiffs,

  v.

IDAHO DEPARTMENT OF JUVENILE
CORRECTIONS, an executive department
of the State of Idaho; IDJC DIRECTOR
SHARON HARRIGFELD, in her
individual and official capacities; IDJC
JUVENILE CORRECTIONS CENTER-
NAMPA SUPERINTENDENT BETTY
GRIMM, in her individual and official
capacities; and DOES 1-20,

        Defendants.

Case No. 1:12-cv-00326-BLW

**MEMORANDUM DECISION AND
ORDER**

## INTRODUCTION

The Court has before it a motion to dismiss the plaintiffs' First Amendment claims

filed by the defendants, and to dismiss the remaining state laws claims without prejudice

to the right of plaintiffs to refile them in state court. The motion is fully briefed and at

issue. For the reasons expressed below, the Court will grant the motion in part,

dismissing the First Amendment claims, but will deny that part of the motion seeking a dismissal of the remaining state law claims.

## ANALYSIS

This is a whistleblower case. The original ten plaintiffs – employees at the Nampa facility operated by the Idaho Department of Juvenile Corrections – claimed they suffered retaliation when they protested unsafe conditions at the facility. They claimed that the retaliation was designed to suppress their protected speech and prevent the public from finding out about deplorable conditions at the facility that placed juvenile inmates in danger.

Plaintiffs sued (1) the agency (the Idaho Department of Juvenile Corrections); (2) the agency Director (Sharon Harrigfeld); and (3) the Superintendent of the Nampa facility (Betty Grimm). Their complaint contained seven causes of action: (1) In Count One, all plaintiffs claim their First Amendment rights were violated; (2) In Count Two, all plaintiffs claim their rights under the Idaho Constitution were violated; (3) In Count Three, all plaintiffs claim their rights under the Idaho Whistleblower Act were violated; (4) In Count Four, all plaintiffs claim that the defendants intentionally inflicted upon them emotional distress; (5) In Count Five, plaintiff Ledford alleges violations of the Family Medical Leave Act and the Americans with Disabilities Act; (6) In Count Six, plaintiff McKinney alleges violations of the Age Discrimination in Employment Act; (7) In Count Seven, plaintiff Penrod alleges violations of the Uniformed Services Employment and Reemployment Rights Act.

In an earlier decision, the Court granted a partial summary judgment to defendants Harrigfeld and Grimm, dismissing Counts Four through Seven.  *See Memorandum Decision (Dkt. No. 65).*  In addition, the Court, relying on the Eleventh Amendment, dismissed all monetary damages claims against the state agency defendant and the individual defendants sued in their official capacity.  *Id.*

Following that decision, the claims remaining in the case were (1) compensatory damage claims under Count One (First Amendment claim); and Count Three (Idaho Whistleblower Act) against the individual defendants in their individual capacity, and (2) claims for declaratory and prospective injunctive relief under Counts One through Three against all defendants.

Defendants Harrigfeld and Grimm appealed the denial of their motion as to the First Amendment claim, arguing that they were entitled to qualified immunity.  The Ninth Circuit agreed and held as follows:

> Because there is no showing that Defendants violated the constitutional rights of any of the Plaintiffs, the district court erred in denying Defendants summary judgment based on qualified immunity with respect to the First Amendment retaliation claims of all ten Plaintiffs.  On remand, the district court is directed to enter summary judgment for Defendants Harrigfeld and Grimm on all of Plaintiffs' First Amendment retaliation claims.

*Ledford v. Idaho Dept. of Juvenile Corrections,* 2016 WL 4191903 (9th Cir. 2016 (unpublished disposition).  After the case was remanded here, the defendants filed the motion to dismiss now at issue, asking the Court to dismiss the First Amendment claim – the only remaining federal law claim – and to decline to exercise supplemental jurisdiction over the remaining state law claims.  The plaintiffs respond that the Ninth

Circuit resolved only that portion of the First Amendment claim seeking monetary compensation from Harrigfeld and Grimm, leaving intact plaintiffs' claims for declaratory and injunctive relief against Harrigfeld, Grimm and the Idaho Department of Juvenile Corrections (IDJC).

The Ninth Circuit held that plaintiffs made "no showing that Defendants violated the constitutional rights of any of the Plaintiffs." *Id.* at *2. The Court ruled that the First Amendment claims of plaintiffs Penrod, Reyna, Fordham, Littlefield, and McCormick should be dismissed because "none of these five plaintiffs spoke on a matter of public concern as a private citizen." *Id.* at *1. The Court ruled that the First Amendment claims of plaintiffs Ledford, Gregston, DeKnijf, McKinney, and Farnworth should be dismissed because "[n]one of these plaintiffs experienced retaliation by defendants as a result of their speech." *Id.*

It is true that only the monetary compensation portion of the First Amendment claim was before the Circuit. If the plaintiffs' claims for declaratory and injunctive relief were based on violations of the First Amendment separate from those alleged in their claim for monetary compensation, the declaratory and injunctive claims would remain alive. But plaintiffs have not alleged any such separate claims. Consequently, the First Amendment claims in their entirety must be dismissed.

With all federal claims having been dismissed, the only remaining claims are based on the Idaho Constitution and the Idaho Whistleblower Act. The Court has the discretion to maintain jurisdiction over this case despite the absence of federal claims.

*See* 28 U.S.C. § 1367(c)(3).  This case is now five years old, and the factors of economy, convenience, and fairness all dictate that the Court maintain jurisdiction.

## CONCLUSION

The Court will therefore grant the motion to dismiss in part and deny it in part. The Court will grant it to the extent it seeks to dismiss Count One, the First Amendment claim, and any claim for declaratory and injunctive relief based on the First Amendment. The Court will deny that portion of the motion that asks the Court to decline supplemental jurisdiction.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to dismiss (docket no. 90) is GRANTED IN PART AND DENIED IN PART.   It is granted to the extent it seeks to dismiss Count One, the First Amendment claim, and any claim for declaratory and injunctive relief based on the First Amendment.  It is denied to the extent it asks the Court to decline supplemental jurisdiction.

DATED: August 24, 2017

B. Lynn Winmill
Chief Judge
United States District Court