UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

RHONDA LEDFORD, et al.,

    Plaintiffs,

v.

IDAHO DEPARTMENT OF JUVENILE CORRECTIONS, et al.,

    Defendants.

Case No. 1:12-cv-00326-BLW

**MEMORANDUM DECISION AND ORDER**

# INTRODUCTION

The Court has before it the defendants' motions for summary judgment. The Court heard oral argument on the motions and took them under advisement. For the reasons expressed below, the Court will deny the motion in large part, granting only that portion of the motion seeking to dismiss the claims of plaintiff Shane Penrod.

# LITIGATION BACKGROUND

This is a whistleblower case. The original ten plaintiffs – employees of the Idaho Department of Juvenile Corrections – claimed they suffered retaliation when they protested unsafe conditions at the Nampa facility. The retaliation, they claim, was designed to suppress their protected speech and prevent the public from finding out about deplorable conditions at the facility that placed juvenile inmates in danger.

The Ninth Circuit dismissed plaintiffs' First Amendment claims in its 2016 decision, holding that plaintiffs made "no showing that Defendants violated the constitutional rights of any of the Plaintiffs." *Ledford v. Idaho Dept. of Juvenile*

**Memorandum Decision & Order – page 1**

*Corrections*, 2016 WL 4191903 (9th Cir. 2016) (unpublished disposition) at *2. The Circuit ruled that the First Amendment claims of plaintiffs Penrod, Reyna, Fordham, Littlefield, and McCormick should be dismissed because "none of these five plaintiffs spoke on a matter of public concern as a private citizen," but instead spoke as employees making internal complaints about workplace conditions, speech that was not subject to First Amendment protection. *Id*. at *1. The Circuit also ruled that the First Amendment claims of plaintiffs Ledford, Gregston, DeKnijf, McKinney, and Farnworth should be dismissed because "[n]one of these plaintiffs experienced retaliation by defendants as a result of their speech." *Id*. In a later decision, this Court dismissed plaintiffs' identical claims under the Idaho Constitution.

That left only the claims under the Idaho Whistleblower Act. But the plaintiffs filed a motion to supplement their complaint with new claims of retaliation arising since the original complaint was filed. Specifically, the proposed supplemental complaint alleges that in retaliation for filing this lawsuit, defendants fired three plaintiffs and took various adverse actions against others, including demotions, refusals to transfer, and poor evaluations. Plaintiffs claim that this new round of retaliation violated their rights under (1) the First Amendment freedom of speech provisions; (2) the Idaho Constitution's freedom of speech provisions; and (3) the Idaho Protection of Public Employees Act (Whistleblower Act).

The Court granted the motion pursuant to Rule 15(d), which allows a court to "permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." In that

**Memorandum Decision & Order – page 2**

decision, the Court noted that the new retaliation claim under the Whistleblower Act "carries forward an existing claim – retaliation – against existing defendants by alleging new acts of retaliation, including terminations, demotions, and other adverse employment actions for pursuing this lawsuit. As the leading treatise on federal practice points out, it would be 'wasteful and inefficient' to require that a separate lawsuit be filed on this claim."

Addressing the supplemental complaint's allegation that this new round of retaliation violated the First Amendment, the Court held that the Ninth Circuit's decision did not preclude these claims:

> The supplemental complaint could be seen as an end-run around these dismissals [by the Circuit] – an improper attempt to resurrect dead claims. In fact, however, the new First Amendment claims cure all the deficiencies identified by the Circuit in the old First Amendment claims: For the first time, all plaintiffs are now alleging actual retaliation, and the speech that prompted the retaliation – pursuing this federal lawsuit – is no longer limited to employees' internal complaints about the workplace and is now worthy of protection by the First Amendment. *See Hagan v. City of Eugene,* 736 F.3d 1251, 1258 (9th Cir. 2013) (holding that the First Amendment protects speech of a public employee made as a citizen but does not protect his speech involving "concerns [communicated] up the chain of command at his workplace about his job duties"). The Court therefore declines to strike the First Amendment claims from the supplemental complaint.

The net result was that the case now contained claims that the adverse employment actions suffered by plaintiffs – imposed by defendants in retaliation for filing this lawsuit – violated the following laws: (1) the First Amendment freedom of speech provisions; (2) the Idaho Constitution's freedom of speech provisions; and (3) the Idaho Protection of Public Employees Act (Whistleblower Act). Six plaintiffs remain in

**Memorandum Decision & Order – page 3**

the case: (1) Ledford, (2) Gregston, (3) Penrod, (4) Littlefield, (5) Fordham and (6) Farnworth.

In their pending motion for summary judgment, the defendants challenge the claims as being filed too late and as being substantively deficient. The Court will consider each challenge below.

**First Amendment Claims – Statute of Limitations**

Defendants argue that three of the plaintiffs – Ledford, Littlefield & Farnworth – waited too long to file their First Amendment claims. Plaintiffs do not dispute that the applicable statute of limitations is two years, and that they waited more than two years after the retaliatory events before filing their First Amendment claims. Instead, they argue that the First Amendment claims were added to the case through a supplemental complaint under Rule 15(d) and that the statute of limitations is not applicable to those claims.

To support their argument, plaintiffs rely on *William Inglis & Sons Baking Co. v. ITT Continental Baking Co*., 668 F.2d 1014 (9th Cir. 1981). In *Inglis*, the Ninth Circuit discussed supplemental pleadings filed after the commencement of suit under the relation-back back doctrine and Federal Rule of Civil Procedure 15. *Id.* at 1057. The court stated that the statute of limitations should not be an issue where "the original pleading gave notice that the alleged wrongful conduct was of a continuing nature," and the "supplemental pleadings addressed the same conduct." *Id.* When, however, the supplemental complaint raises claims unrelated to the allegations in the original

complaint, or relies on conduct or events different from those pleaded in the original complaint, there is no "relation back." *Id.*

Here, the original complaint contained claims that defendants retaliated against plaintiffs for their whistleblower actions. The new claims alleged additional retaliatory actions, this time for pursuing this lawsuit. In a similar action, another court found that the new retaliation claims related back to the original pleading. *Rhodes v. Robinson,* 2011 WL 6367746 (E.D. Calif. 2011). There, the original complaint alleged retaliation, and a supplemental complaint alleged a new round of retaliation for filing that complaint, putting *Rhodes* in a posture much like the present case. *Rhodes* held that because the original complaint complained about retaliation for filing grievances, the supplemental complaint raised "no statute of limitations concerns" because it alleged "more retaliation as a result of Plaintiff filing a complaint regarding those grievances." *Id.* at *9.

The same result applies here. The Court therefore rejects defendants' statute of limitations challenge to the First Amendment claims of plaintiffs Ledford, Littlefield and Farnworth.

**Whistleblower Claims – Statute of Limitations**

Defendants argue that plaintiffs' claims under the Whistleblower Act are all time-barred. But the analysis above regarding the First Amendment claims applies with equal strength to the Whistleblower Act claims. Once again, the original complaint contained such claims, and the supplemental complaint simply alleged new Whistleblower Act claims arising since the filing of the complaint. Under *Ingles,* the limitations period does not apply. This limitations argument must therefore be denied.

**Memorandum Decision & Order – page 5**

### First Amendment Claims – Effect of 9th Circuit Decision

Defendants argue that this Court was mistaken when it held – as quoted above – that "pursuing this lawsuit" was "worthy of protection under the First Amendment." Defendants claim that because the Ninth Circuit held that, with regard to the original complaint, that the plaintiffs had either not been retaliated against, or were not speaking on matters of public concern, their pursuit of this lawsuit cannot possibly be worthy of protection under the First Amendment.

The Court disagrees. This argument ignores the fact that the Second Amended Complaint contains claims that plaintiffs were subject to retaliation for pursuing claims under the Whistleblower Act. Those claims were not before the Ninth Circuit and were not affected by its decision. Pursuing such claims through a lawsuit is conduct protected by the First Amendment. *See Dahlia v. Rodriquez,* 735 F.3d 1060 (9th Cir. 2013) (*en banc*) (holding that "the First Amendment generally protects public employee whistleblowers from employer retaliation"). The Court therefore rejects this argument of defendants.

### Whistleblower Act Claims – Substantive Challenge

Defendants argue that the claims under the Whistleblower Act should be dismissed for various reasons. These arguments have been previously rejected by the Court and that analysis will not be repeated here – it is enough to say that this line of argument is denied.

**Injunctive Relief - Standing**

The plaintiffs seek injunctive relief that would bar the defendants from applying certain workplace policies to employees and would reinstate some of the plaintiffs to positions they held prior to a retaliatory action. The Defendants challenge the standing of plaintiffs to enjoin workplace policies that would benefit all employees, even those not named as plaintiffs. Defendants argue that plaintiffs do not have standing to advocate for co-employees who are not parties to this action. But this argument ignores the plaintiffs' allegations that the workplace policies sought to be enjoined were applied specifically against them individually. Thus, they have the necessary injury in fact to establish standing to challenge agency-wide policies. While others might benefit from injunctive relief, the defendants cite no authority that such an agency-wide benefit destroys plaintiffs' standing.

There is, however, a problem with the claims of plaintiff Shane Penrod. When he was turned down for the Transport Coordinator position – a rejection he alleges was in retaliation for his whistleblowing activities – he immediately left the Juvenile Corrections Department and obtained a job with the Idaho Department of Labor. When the defendants alleged in their summary judgment briefing that Penrod was making more money in his new job and had not expressed any desire to return to his old job, plaintiffs failed to respond. This record raises a serious question whether there is still a case or controversy regarding Penrod's claims because it does not appear that he would benefit from any injunctive relief barring the application of certain policies and authorizing reinstatement for terminated or demoted employees.

**Memorandum Decision & Order – page 7**

A similar concern was raised in *Bayer v. Neiman Marcus Group, Inc.,* 861 F.3d 853, 865 (9th Cir. 2017). There, an employee of Neiman Marcus named Bayer claimed that he was the victim of discrimination based on his disability, in violation of the Americans With Disabilities Act (ADA). Among other relief, he sought an injunction barring Neiman Marcus from attempting to coerce employees into waiving their ADA rights. But because Bayer no longer worked at Neiman Marcus, this particular injunctive relief was not available to him:

> With respect to the request for an injunction prohibiting Neiman Marcus from attempting to intimidate its employees and potential employees into waiving their ADA rights, Bayer has produced no evidence to show he can reasonably be expected to benefit from such relief. A former employee currently seeking to be reinstated or rehired may have standing to seek injunctive relief against a former employer. But a former employee has no claim for injunctive relief addressing the employment practices of a former employer absent a reasonably certain basis for concluding he or she has some personal need for prospective relief. Given that Bayer is no longer employed with Neiman Marcus and has produced no evidence to suggest he plans to seek employment with Neiman Marcus again, there is no basis upon which to conclude he has a reasonably certain need for prospective relief pertaining to its future employment practices.

*Id.* at 865 (citations omitted). Like Bayer, Penrod is no longer employed with the entity he sued and has not produced any evidence that he would benefit from injunctive relief. Given the plaintiffs' failure to respond to this argument, and the Court's own review of the record, the Court must agree with defendants. Under these circumstances, *Bayer* is determinative. There is no evidence to suggest that Penrod wants to leave the Department of Labor and return to the Department of Juvenile Corrections, and any injunctive relief granted to bar the defendants from applying certain workplace policies would have no impact upon him. Because the sole remaining relief sought by Penrod is

**Memorandum Decision & Order – page 8**

injunctive in nature, and because *Bayer* bars any relief given his circumstances, Penrod must be dismissed as a plaintiff.

Defendants also argue that Fordham and Farnworth must be dismissed for the same reasons Penrod was dismissed. Defendants argue that Farnworth accepted a medical layoff on January 23, 2018, and that there is no evidence that his health has improved to the point where he could return. But none of this is in the record submitted by defendants in support of their motion. Farnworth's deposition was taken, and excerpts were submitted by plaintiffs, but none of those excerpts discuss his health or his medical layoff. In the absence of a record on which defendants rely, the Court refuses to grant the defendant's summary judgment motion. With regard to Fordham, he still works at the Department of Juvenile Corrections and hence would benefit if certain workplace policies are changed. This portion of the summary judgment motion will likewise be denied.

## Conclusion

Many of defendants' remaining arguments have been examined before and denied, and none of the remaining arguments warrant summary judgment. The Court will therefore largely deny defendants' motion for summary judgment but will grant that portion that seeks to dismiss the claims of plaintiff Shane Penrod.

**ORDER**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for summary judgment (docket no. 126) is GRANTED IN PART AND DENIED IN PART. It is

granted to the extent it seeks dismissal of the claims of plaintiff Shane Penrod. It is denied in all other respects.

DATED: January 8, 2019

_____
B. Lynn Winmill
U.S. District Court Judge